UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DONTANEOUS SALLEY, | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | )    No.: 20-cv-2351-JBM |
| | ) |
| LT. TOWELL, | ) |
| | ) |
| **Defendant.** | ) |

**MERIT REVIEW ORDER**

Plaintiff, proceeding *pro se*, pursues a § 1983 action alleging retaliation at the Danville Correctional Center ("Danville"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**ALLEGATIONS**

Plaintiff alleges that on October 13, 2020, Defendant Lt.Towell conducted a shakedown of his cell. During the shakedown, Defendant plugged in Plaintiff's hot pot to make sure that it had not been modified so as to be able to heat liquids to boiling. Plaintiff claims that the hot pot remained plugged in during the lengthy search and was ruined. Plaintiff also asserts that he objected to Defendant handling his Quran, presumably to check for contraband. Plaintiff

explained that the Quran is only to be handled "in a state of purity" or with washed hands. It appears that Defendant did not accommodate this request and, Plaintiff claims, without detail, that his Quran was "defaced and torn."

Plaintiff claims that as Defendant exited his cell, she told him that he would regret having filed grievances against officers Cravens and Hansen. Here, Plaintiff infers rather than pleads that Defendant's actions were done in retaliation for his grievance writing. To establish First Amendment retaliation, Plaintiff must successfully allege that (1) his speech was constitutionally protected, (2) he has suffered a deprivation likely to deter free speech, and (3) his speech was at least a motivating factor in the [defendant's] action. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006). While grievance writing is protected First Amendment activity, Plaintiff does not clearly plead that Defendant's actions were retaliatorily motivated.

It is unclear, for example, as to whether Plaintiff claims that the shakedown of his cell was motivated by retaliation. As to the hot pot, while the prolonged time that it was plugged in apparently ruined it, Plaintiff does not allege that Defendant was aware that this would occur and purposefully sought to destroy it. As to the Quran, Plaintiff was apparently outside of the cell watching the search and does not claim that Defendant tore it, much less that she purposefully did so or did so with the belief that it was not to be accessed other than with a state of purity as alleged. Plaintiff claims only that after Defendant left the cell the Quran was "defaced and torn." Plaintiff, too, does not indicate what he means by "defaced." It is not clear whether Plaintiff is alleging that touching it outside of a state of purity defaced or desecrated it or whether there was other physical damage to it.

Fed. R. Civ. P. 8(a) requires a " 'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Long v.*

*Wondra*, No. 12- 647, 2013 WL 12098999, at *4 (W.D. Wis. Sept. 16, 2013), *aff'd,* 553 Fed. Appx. 637 (7th Cir. 2014) citing *Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir. 2006). While it is not necessary for a plaintiff to plead specific facts, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Long*, 2013 WL 12098999, at *4 (internal citations omitted). Plaintiff will be given an opportunity to replead, consistent with the instruction in this order.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is DISMISSED for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days in which to replead. If he does so, the pleading is to be captioned First Amended complaint and must plead all of his allegations without reference to a prior pleading. The failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2. Plaintiff files [5], a motion for recruitment of *pro bono* counsel but does not indicate that he attempted to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [5] is DENIED at this time. In the event that Plaintiff renews his motion for appointment of counsel, he is to provide copies of the letters sent to, and received from, prospective counsel.

  3/10/2021                                             s/Joe Billy McDade
ENTERED                                  JOE BILLY McDADE
                                          UNITED STATES DISTRICT JUDGE