## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DONTANEOUS SALLEY,           ) | |
|             ) | |
|          Plaintiff,    ) | |
| v.                 ) | No.: 20-cv-2351-JBM |
|             ) | |
| LT. TOWELL,         ) | |
|             ) | |
|          Defendant.    ) | |

## MERIT REVIEW – AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files an amended complaint under § 1983, alleging

retaliation and damage to his Quran at the Danville Correctional Center ("Danville"). The case is

before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint,

the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.

*Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and

labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible

on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal

quotation marks omitted). While the pleading standard does not require "detailed factual

allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009).

### ALLEGATIONS

Plaintiff has filed an amended complaint substantially altering some of the allegations of

the original. There, he had asserted that on October 13, 2020, Defendant Lt. Towell plugged in

his hot pot while conducting a cell shakedown to make sure that the hot pot had not been

modified. Plaintiff had claimed that the hot pot remained plugged in during the lengthy search,

1

causing it to malfunction. In the amended complaint, Plaintiff asserts that Defendant Towell told him that she was going to mess up his cell as she hated Muslims and grievance writers such as Plaintiff. Plaintiff alleges that Defendant twice dropped his hot pot, sarcastically exclaiming "oops!".

Plaintiff pled an additional claim in his original complaint. This was that Defendant Towell had handled his Quran without washing her hands, and so, was not in a state of purity. He also claimed, without elaboration, that the Quran was defaced and torn. This claim was dismissed as unduly vague, with leave to replead. In the amended complaint, Plaintiff alleges that Defendant Towell ripped pages from the Quran and threw them to the floor.

## ANALYSIS

Prisoners have a protected First Amendment right to file lawsuits and grievances. *Dobbey v. IDOC*, 574 F.3d 443, 446 (7th Cir. 2009). A prisoner may not be disciplined for filing a grievance or lawsuit as "[a]n act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). To establish First Amendment retaliation, Plaintiff must successfully allege that (1) his speech was constitutionally protected, (2) he has suffered a deprivation likely to deter free speech, and (3) his speech was at least a motivating factor in the [defendant's] action. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006). Here, Plaintiff has successfully pled a retaliation. This is, that Defendant purposefully damaged his hot pot in retaliation for his First Amendment exercise. *See Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006) (identifying the elements to be proved for retaliation). This claim will proceed.

While Plaintiff makes the additional claim that Defendant Towell damaged his Quran, he does not allege that this caused him injury. The First Amendment guarantees individuals,

including those in custody, reasonable opportunities to practice their religion, subject to the

legitimate penological concerns of the prison. *Maddox v. Love*, 655 F.3d 709 (7th Cir. 2011);

*Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009). Prison officials may not impose a

"substantial burden" on a "central religious belief or practice." *Isby-Israel v. Lemmon*, No. 13-

172, 2016 WL 3072177, at *4 (S.D. Ind. June 1, 2016) (internal quotation omitted). In addition,

under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") 42 U.S.C.

§§ 2000cc-1(a)-(b), officials may not substantially burden a detainee's religious exercise unless

there is a compelling government interest at stake. If such an interest exists, prison officials must

use the least restrictive means of achieving it. 42 U.S.C. § 2000cc-1(a).

Plaintiff does not allege that the tearing of the Quran inhibited his religious practice and

might be asserting a claim for damage to his personal property; such a claim for damage to or

deprivation of personal property does not amount to a constitutional violation, however, if there is

an adequate state post-deprivation remedy available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984);

*Murdock v. Washington,* 193 F.3d 510, 513 (7th Cir. 1999), *cert. denied,* 529 U.S. 1134 (2000).

The State of Illinois provides an adequate post-deprivation remedy in the Illinois Court of Claims.

*Stewart v. McGinnis,* 5 F.3d 1031, 1035-36 (7th Cir. 1993). Accordingly, this case shall proceed

solely on the retaliation claim directed against Defendant Towell. If Plaintiff wishes to replead to

assert a religious-based claim, he must do so within 30 days.

**IT IS THEREFORE ORDERED**:

1.    This case shall proceed solely on the retaliation claim against Defendant Towell.

Plaintiff will be given a final opportunity, within 30 days, to file a second amended complaint,

should he wish. If Plaintiff repleads, the filing is to be captioned Second Amended Complaint

and is to include all of Plaintiff's claims without reference to a prior pleading.

3

2.      Plaintiff files [11], a motion for default judgment, asserting that Defendant was served with a copy of the complaint by the U.S. Marshal and has not answered. Plaintiff's premise is incorrect, however, as the case has just now survived merit review and Defendant has not been served. The clerk will be directed to send a waiver of service Defendant Towell, after which she will have 60 days in which to file an answer. CDIL-LR 16.3(E)(1). [11] is DENIED.

3.      The Clerk is directed to send Defendant, pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4.      If Defendant fails to sign and return a Waiver of Service to the Clerk within 60 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5.      Defendant shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6.      Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the

Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7.　Once counsel has appeared for Defendant, Plaintiff need not send copies of filings to Defendant or Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendant is not available, Plaintiff will be notified and instructed accordingly.

8.　Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the depositions.

9.　Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

　1) ATTEMPT SERVICE ON DEFENDANT PURSUANT TO THE STANDARD PROCEDURES;

　2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES; AND,

　3) ENTER THE STANDARD QUALIFIED PROTECTIVE ORDER PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT.

　LASTLY, IT IS ORDERED THAT IF DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS

SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE

THROUGH THE U.S. MARSHAL'S SERVICE ON DEFENDANT AND WILL REQUIRE

THAT DEFENDANT PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO

FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).


  9/15/2021                                              s/Joe Billy McDade
ENTERED                                            JOE BILLY McDADE
                                                   UNITED STATES DISTRICT JUDGE